## VIRGINIA MUNICIPAL LIABILITY POOL

### V.

## HENRY A. KENNON

Record No. 930260

## HENRY A. KENNON

### V.

## VIRGINIA MUNICIPAL LIABILITY POOL

Record No. 930266

February 25, 1994

Present: All the Justices

*Howard W. Dobbins (Sarah Hopkins Finley; Williams, Mullen, Christian & Dobbins,* on briefs), for appellant. (Record No. 930260)

*W.W. Whitlock (Susan L. Whitlock,* on brief), for appellee. (Record No. 930260)

*W.W. Whitlock (Susan L. Whitlock* on brief), for appellant. (Record No. 930266)

*Howard W. Dobbins (Sarah Hopkins Finley; Williams, Mullen, Christian & Dobbins,* on brief), for appellee. (Record No. 930266)

JUSTICE LACY delivered the opinion of the Court.

In this appeal we must determine the amount of uninsured motorist (UM) coverage applicable to a motor vehicle insured through the Virginia Municipal Liability Pool (VMLP).

Henry A. Kennon, Sheriff of Louisa County, was riding in a vehicle owned by Louisa County when that vehicle was involved in an acci-

dent with a vehicle driven by Thomas L. Armstrong, Jr. Kennon sued Armstrong to recover damages for injuries he sustained in the accident and was awarded $250,000. State Farm Insurance Company, Armstrong's liability carrier, paid Kennon $25,000, the policy limits.

Kennon sought recovery of the unpaid balance of his damage award under the UM provisions of his own automobile liability policy and under the UM coverage applicable to the Louisa County vehicle in which he was riding. Kennon's policy, issued by Nationwide Insurance Company, had a $50,000 UM coverage limit. Louisa County insured its vehicle through VMLP and that contract of insurance set the UM coverage limit at $25,000. Kennon received $33,500 from Nationwide and $16,500 from VMLP, leaving $175,000 of the damage award still unsatisfied.

Kennon filed a motion for judgment against VMLP seeking satisfaction of the unpaid amount of the damage award.[1] Kennon alleged that, as a matter of law, the limit of the UM coverage provided by VMLP was $1,000,000, not $25,000 as VMLP claimed. The trial court agreed and entered a final order requiring VMLP to pay Kennon $175,000, less a credit for previously made payments. We awarded VMLP an appeal. We also awarded Kennon an appeal on his assignments of cross-error to the trial court's denial of additional interest and its holding regarding the authority of the administrator of Louisa County.[2]

 VMLP assigned error to a number of the trial court's rulings. VMLP first contends that the trial court erred in finding that the provisions of Code § 38.2-2206 applied to the UM coverage offered by VMLP. Code § 38.2-2206 requires that automobile liability insurance policies contain UM coverage in an amount equal to the liability coverage limits unless those limits are rejected, but in no case less than a prescribed minimum level. Under the circumstances of this case, the available UM coverage would be $1,000,000, if VMLP is subject to § 38.2-2206, and if the liability limits were not effectively rejected for UM coverage.

 VMLP is neither a commercial insurer nor a self-insurer, but a governmental self-insurance pool created pursuant to legislation enacted by the General Assembly in 1986. This legislation was

---

[1] Kennon also sued Nationwide. The trial court entered judgment against Nationwide, holding that Kennon was entitled to the full $50,000 UM coverage limit. This judgment was not appealed.

[2] In a separate appeal, Kennon raised these same assignments of error. We consolidated the two appeals.

adopted because local governments were burdened by the high cost of liability coverage and the frequent inability to provide insurance through standard carriers. Such pools allow local governments to spread the risk of liability insurance. Code § 15.1-503.4:1. The General Assembly put a statutory scheme in place that prescribed the categories of insurance which the pools could offer, the authority, operation, and the regulation of the pools. *See* Code §§ 15.1-503.4:1. through -503.4:9. The legislation specifically provided that the pools were not insurance companies or insurers, Code § 15.1-503.4:9, but "deemed" the pools to be self-insurers for motor vehicle security under § 46.2-368 (formerly Code § 46.1-395). Code §§ 15.1-503.4:9, -503.4:4. Although § 46.2-368 requires self-insurers to provide UM coverage in accordance with the provisions of § 38.2-2206, the General Assembly specifically excluded the pools from that mandate. Code § 15.1-503.4:4 provides in pertinent part:

> Additionally, a group self-insurance pool shall not be subject to the provisions of § 38.2-2206 relating to uninsured motorist coverage unless it elects by resolution of its governing authority to provide such coverage to its pool members.

Accordingly, the provisions of § 38.2-2206 are applicable to the UM coverage provided by VMLP only if VMLP has complied with the requirements of Code § 15.1-503.4:4.

VMLP argues that § 15.1-503.4:4 establishes the adoption of a resolution as a prerequisite to application of the provisions of § 38.2-2206. VMLP has not adopted such a resolution and, therefore, VMLP contends that it is not subject to § 38.2-2206. The trial court rejected this contention, concluding that "[h]aving decided to provide uninsured motorist coverage to its members, VMLP elected to be 'subject to' the provisions of § 38.2-2206 relating to uninsured motorist coverage."

■ This conclusion, however, disregards the plain language of the statute. The word "resolution" is a term of art and denotes a specific type of affirmative act by a governing body. In light of the reasons for authorizing the creation of these pools, it is entirely reasonable and consistent for the General Assembly to require a specific, affirmative act as a prerequisite to subjecting a pool to additional statutory responsibilities and liabilities.

■ In reaching its decision, the trial court relied on VMLP's admission that its governing body made the decision to provide UM coverage and on a renewal letter sent by VMLP's administrator to its

members in which the administrator stated that, by offering UM coverage, VMLP was required to comply with § 38.2-2206. Neither the admission nor the administrator's letter constitutes an admission that the governing body of VMLP passed a resolution qualifying under § 15.1-503.4:4. Neither is an adequate substitute for the existence of such a resolution. The record does not contain any resolution passed by VMLP regarding UM coverage. Furthermore, all documents issued by VMLP regarding the terms of the UM coverage in the record, primarily the contract of coverage itself and renewal correspondence, limit UM coverage to $25,000.

■ In the absence of a resolution adopted by VMLP, as required by Code § 15.1-503.4:4, the trial court erred in holding that the UM coverage offered by VMLP was subject to the provisions of § 38.2-2206. Accordingly, we will reverse that portion of the trial court order and enter judgment in favor of VMLP.[3]

Record No. 930260 - *Reversed and final judgment.*
Record No. *930266 - Affirmed.*

---

[3] In light of this holding, we need not consider the remaining assignments of error and cross-error.